UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

———————————————————————————————————————

MICHAEL L. MUEHL,

        Plaintiff,

  v.                                      Case No. 08-CV-983

MICHAEL THURMER, LIEUTENANT BAUER,
TONY MELI, BILLY PONTOW, BENJAMIN HILBERT,
GARY ANKARLO, BELINDA SCHRUBBE,
MARY GORSKE, CHARLENE REITZ, MARY SLINGER,
FRAN JENNINGS, JUDY SCHAFFER, GAIL WALTZ,
BRUCE DUMONTIER and BARBARA DELAP,

        Defendants.

———————————————————————————————————————

## ORDER

On November 17, 2008, *pro se* plaintiff Michael L. Muehl, ("Muehl"), a prisoner at the Waupun Correctional Institution, filed a complaint pursuant to 42 U.S.C. § 1983. Muehl also filed motions for leave to proceed *in forma pauperis*, and to appoint counsel. Pursuant to the Prison Litigation Reform Act (PLRA), the plaintiff is required to pay the statutory filing fee of $350.00 in full for this action. See 28 U.S.C. § 1915(b)(1).

Under the PLRA, which amended the *in forma pauperis* statute, the court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's account, or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *Id.* After the initial fee is paid, the prisoner must make monthly payments

of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

Muehl filed a certified copy of his prisoner trust account statement for the six-month period immediately preceding the filing of the complaint as required under 28 U.S.C. § 1915(a)(2). A review of this information reveals that, for the six-month period immediately preceding the filing of the complaint, the average monthly deposit to the Muehl's prison account was zero and the average monthly balance to the account was zero. Thus, Muehl has neither assets nor means to pay the initial partial filing fee.

A prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Therefore, Muehl will be granted a waiver of payment of the initial partial filing fee in this case. However, he is still obligated to pay the full filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2). See 28 U.S.C. § 1915(b)(1).

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions *in forma pauperis* unless the prisoner is in imminent danger of serious

physical injury. 28 U.S.C. § 1915(g). In the event that his action is later dismissed for any of the above reasons, it will have an impact on the prisoner's ability to bring other actions *in forma pauperis*. Accordingly, Muehl will be afforded an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under section 1915(g).

If Muehl does not wish to pay the filing fee as set forth in this order, or does not wish to proceed with this action to avoid incurring a "strike" under §1915(g), Muehl must notify the court by filing a letter with the Clerk of Court on or before December 29, 2008, stating that he does not wish to prosecute this civil action. If such a letter is received, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under §1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(4), Muehl will not be required to pay an initial partial filing fee.

**IT IS FURTHER ORDERED** that, if he wishes to voluntarily dismiss this action to avoid the possibility of incurring a strike under 28 U.S.C. § 1915(g), Muehl shall so notify the court on or before **December 29, 2008**.

Upon expiration of the specified time, the court will determine whether the action is entitled to continue *in forma pauperis*. The court will review the complaint to determine that the action is not frivolous or malicious and that the complaint states a claim upon which relief can be granted. If the complaint does not meet this standard, the action will be dismissed.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the Waupun Correctional Institution and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 5th day of December, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge